# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEAN WARRENTON, | CASE NO. 1:10-cv-01858-SKO PC |
| Plaintiff, | SCREENING ORDER DISMISSING ACTION, WITHOUT PREJUDICE, FOR FAILURE TO EXHAUST |
| v. | |
| ARNOLD SCHWARZENEGGER, et al., | (Doc. 1) |
| Defendants. | |

Plaintiff Dean Warrenton, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on September 16, 2010. Plaintiff was attacked and injured while incarcerated at Wasco State Prison and he brings this action against state officials for failing to protect him from racial harassment and from harm, in violation of the Equal Protection Clause of the Fourteenth Amendment and the Eighth Amendment of the United States Constitution. However, Plaintiff's claims are unexhausted and for the reasons that follow, this action must be dismissed.

Pursuant to the Prison Litigation Reform Act of 1995, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Prisoners are required to exhaust the available administrative remedies prior to filing suit. Jones v. Bock, 549 U.S. 199, 211, 127 S.Ct. 910 (2007); McKinney v. Carey, 311 F.3d 1198, 1199-1201 (9th Cir. 2002). Exhaustion is required regardless of the relief sought by the prisoner and regardless of the relief offered by the process, Booth v.

Churner, 532 U.S. 731, 741, 121 S.Ct. 1819 (2001), and the exhaustion requirement applies to all suits relating to prison life, Porter v. Nussle, 435 U.S. 516, 532, 122 S.Ct. 983 (2002).

Plaintiff concedes that he did not file an inmate appeal grieving the facts at issue in this action. (Comp., § I.) Plaintiff alleges that he did not do so because he was seriously injured and he has no knowledge of the law. (Id.)

Because Plaintiff's claims are based on allegedly unconstitutional prison conditions, he was required to file an inmate appeal grieving the facts at issue in this action and exhaust that appeal prior to filing suit. Jones, 549 U.S. at 211; Porter, 435 U.S. at 524.  It is clear from the face of Plaintiff's complaint that he filed suit prior to exhausting, and therefore, this action is HEREBY ORDERED DISMISSED, without prejudice, for failure to comply with 42 U.S.C. § 1997e(a). Wyatt v. Terhune, 315 F.3d 1108, 1120 (9th Cir. 2003) ("A prisoner's concession to nonexhaustion is a valid grounds for dismissal. . . .").

IT IS SO ORDERED.

**Dated:   August 29, 2011**             /s/ Sheila K. Oberto
                                                       UNITED STATES MAGISTRATE JUDGE